PHILLIP A. TALBERT
United States Attorney
MATTHEW M. YELOVICH
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:16-CR-00111 KJM |
|---|---|
| Plaintiff, | STIPULATION AND PROTECTIVE ORDER |
| v. | |
| VIVIAN WANG, | |
| Defendant. | |

WHEREAS, the parties desire to prevent the unauthorized disclosure or dissemination of certain sensitive but unclassified discovery materials to anyone not a party to the court proceedings in this matter;

WHEREAS, the sensitive but unclassified discovery materials at issue include information pertaining to victims or potential victims in this case, including personal identifying information and financial information, as well as various personal identifying information for others involved in this matter;

WHEREAS, the parties agree that entry of a stipulated protective order is appropriate, and that a private agreement is not appropriate in light of the nature of the information at issue and the charges in this case; and

WHEREAS, the defendant has new counsel ("Defense Counsel") who has substituted into the case, see ECF No. 73, and who wishes to have the opportunity to review the discovery;

Stipulation & [Proposed] Protective Order 1

WHEREAS, in June 2016, the parties previously entered into largely the same stipulation and proposed protective order with prior counsel for defendant, see ECF Nos. 22, 25;

Defendant VIVIAN WANG and plaintiff United States of America, by and through their counsel of record, hereby agree and stipulate as follows:

1. This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, its general supervisory authority, and Local Rule 141.1.

2. This Order pertains to all discovery provided to or made available to Defense Counsel in this case (hereafter, collectively known as "protected discovery").

3. Defense Counsel shall not disclose any of the protected discovery to any person other than their respective client, or attorneys, law clerks, paralegals, secretaries, experts, and investigators, involved in the representation of their respective client.  However, at no time shall defendant be permitted to review the protected discovery outside of the presence of Defense Counsel or Defense Counsel's partners, associates, or employees as designated by Defense Counsel, and Defense Counsel or his/her designee shall not leave any of the protected discovery with defendant at any location unless the protected discovery has been appropriately redacted by Defense Counsel and noted on a log/ledger that is created and retained by Defense Counsel.

4. The protected discovery and information therein may only be used in connection with the litigation of this case and for no other purpose.  The protected discovery is now and will forever remain the property of the United States Government.

5. Defense Counsel will store the protected discovery in a secure place, such as Defense Counsel's private office, and will use reasonable care to ensure that it is not disclosed to third persons or their respective client in violation of this agreement.

6. If Defense Counsel releases custody of any of the protected discovery, or authorized copies thereof, to any person described in paragraph (3), Defense Counsel shall provide such recipients with copies of this Order and advise that person that the protected discovery is the property of the United States Government, that the protected discovery and information therein may only be used in connection with the litigation of this case and for no other purpose, and that an unauthorized use of the protected discovery may constitute a violation of law and/or contempt of court.

7. In the event that defendant obtains substitute counsel, undersigned Defense Counsel agrees not to disclose any protected discovery to successor counsel absent a court order that a) Defense Counsel be relieved, b) successor counsel be appointed, and c) all discovery be turned over to successor counsel.

8. Defense Counsel shall be responsible for advising their client, employees, and other members of the defense team of the contents of this Stipulation/Order.

IT IS SO STIPULATED.

Dated: May 12, 2017

Respectfully submitted,

PHILLIP A. TALBERT
United States Attorney

By: /s/ *Matthew M. Yelovich*
MATTHEW M. YELOVICH
Assistant U.S. Attorney

By: /s/ *Christopher R. Cosca*
CHRISTOPHER R. COSCA
Counsel for VIVIAN WANG

**ORDER**

IT IS SO FOUND AND ORDERED.

Dated: May 15, 2017

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE